

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-12-00533-CR

___

CRYSTAL ANTOINEY SHOAF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 4359, Honorable Stuart Messer, Presiding

___

June 7, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Crystal Antoiney Shoaf appeals from the trial court's judgment adjudicating her guilty of the felony offense of possession of a controlled substance, hydrocodone, in an amount of 400 grams or more,[1] and the resulting sentence of fifty years of imprisonment in the Institutional Division of the Texas Department of Corrections. Appellant's attorney has filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) and *In re Schulman,*

___

[1] Tex. Health & Safety Code Ann. § 481.115 (West 2012).

252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In December 2009, appellant was charged with possession of more than 400 grams of hydrocodone. In January 2010, pursuant to a plea bargain with the State, appellant was placed on deferred adjudication community supervision for eight years. Her deferred adjudication community supervision was subject to certain terms and conditions.

In March 2012, the State filed a motion to adjudicate guilt, alleging appellant violated several conditions of her community supervision. The court heard the State's motion in November 2012. In support of the State's motion, the court heard testimony from appellant's community supervision officer that appellant failed to report as required, was delinquent in paying her fine assessed by the court, delinquent in paying her probation fees, failed to perform required community service hours, failed to submit a written financial statement for 25 months, and failed to pay an out-of-state transfer fee. Appellant also testified at the hearing. During her testimony she admitted to violating several of the conditions of her community supervision, despite her plea of "not true" to the State's allegations. Among others, she admitted she had been arrested and plead "no contest" to an offense in California. Appellant also testified to her attempts to improve her life and her desire to continue on community supervision.

Following presentation of the evidence, the trial court adjudicated appellant guilty of possession of 400 grams or more of hydrocodone, revoked her deferred adjudication community supervision, and sentenced her as noted. Appellant subsequently appealed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.—Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has filed a response, raising two issues through which she argues her counsel provided ineffective assistance and the evidence was insufficient to support her conviction.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw in either cause until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.—San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the

trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim. App. 1991).

In his brief, counsel discusses several potential issues but concludes no arguably meritorious issues are presented. We agree.

The record permits no arguably meritorious challenge to the sufficiency of the evidence, either that supporting appellant's guilty plea or that supporting revocation. *See Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999); *Dunsmore v. State,* No. 01-10-00981-CR, No. 01-10-00982-CR, 2012 Tex.App. LEXIS 2856, at *3-4 (Tex.App.—Houston [1st Dist.] April 12, 2012, pet. ref'd) (mem. op., not designated for publication) (both noting "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed"); *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex.App.—Tyler 2002, no pet.) (both noting one sufficient ground for revocation will support the trial court's order to revoke probation).

We also conclude that this record presents no arguably meritorious ineffective assistance of counsel point. *See, e.g., Gish v. State,* No. 02-09-00034-CR, 2011 Tex.App. LEXIS 391 (Tex.App.—Fort Worth Jan. 13, 2011, no pet.) (mem. op., not designated for publication) (overruling an appellant's ineffective assistance of counsel claim).

Appellant's response also refers to the punishment imposed by the court. Appellant originally plead guilty to possession of 400 grams or more of hydrocodone, an offense with an applicable punishment range of imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (West 2012). The trial court sentenced appellant to fifty years of imprisonment, a term well within the applicable range. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.—Amarillo 1996, pet. ref'd).

Our review convinces us appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal from the adjudication, revocation and sentence. We agree the record presents no arguably meritorious grounds for review. We grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.